# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# JUDGE RAYMOND P. MOORE

| | |
|---|---|
| Courtroom Deputy:  Cathy Pearson<br>Court Reporter:  Tammy Hoffschildt<br>Probation Officer: Gary Kruck for MariJo Paul | Date:  December 2, 2015<br>Interpreter:  n/a |

**CASE NO.   15-cr-00121-RM**

| Parties | Counsel |
|---|---|
| UNITED STATES OF AMERICA, | Pegeen Rhyne |
|           Plaintiff, | |
| v. | |
| 1.  CANDICE WHITE, | Matthew Golla |
|           Defendant. | |

## COURTROOM MINUTES

**SENTENCING HEARING**
**COURT IN SESSION:**     9:02 a.m.
Appearances of counsel.   Defendant is present and on bond.

Defendant entered her plea on August 12, 2015, to Counts 3 and 31 of the Indictment.

The Court formally accepts the Plea Agreement at this hearing.

Discussion held regarding pending motions and objections.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Counsel for the Government addresses the Court regarding sentencing.

Defendant addresses the Court regarding sentencing.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

**ORDERED:** Defendant's Motion for a Variant Sentence (Doc. 45) is denied as stated on the record.

Court states its findings and conclusions.

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, CANDICE WHITE, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a term of **three (3) months on each count, to be served concurrently.**

**Court strongly RECOMMENDS that the Bureau of Prisons place the defendant at a local jail facility in the Denver, Colorado, area to aid in her rehabilitation, treatment, and to allow access to her children and support group.**

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **five (5) years on each count, to be served concurrently.**

**ORDERED: Mandatory Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm, ammunition, or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

**ORDERED: Special Conditions** of Supervised Release that:
- (**X**) Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment.
- (**X**) Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.
- (**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
- (**X**) As directed by the probation officer, Defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances,

|     |     |
| --- | --- |
|     | judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation in this case. |
| (**X**) | If Defendant has an outstanding financial obligation, the probation officer may share any financial or employment documentation relevant to Defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation. |
| (**X**) | Defendant shall not be employed in any fiduciary capacity. |
| (**X**) | Defendant shall participate in and successfully complete a program of testing and/or treatment for alcohol abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer. |
| (**X**) | Defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as Defendant is released from the program by the probation officer. Defendant shall pay the cost of treatment as directed by the probation officer. |
| (**X**) | Defendant shall remain medication compliant and shall take all medications that are prescribed by her treating psychiatrist.  Defendant shall cooperate with random blood tests as requested by her treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of her prescribed medications is maintained. |
| (**X**) | Defendant shall perform 200 hours of community service during her term of supervision. |

**ORDERED:** Defendant shall pay **$200** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:** Costs of imprisonment and supervised release are WAIVED.

**ORDERED:** Defendant shall make **restitution** as follows:   $92,780.27 to Front Range Bank, Attn: Brian Soeldner, 13013 W. Alameda Parkway, Lakewood, CO 80228

**ORDERED:** The special assessment and restitution obligation are due immediately. Any unpaid restitution balance upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly income.

Statements made by the Court regarding the forfeiture amount as set forth in the plea agreement.

The Court finds, pursuant to 18 U.S.C. § 3663A(c)(3)(B), that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

Defendant advised of right to appeal.

**ORDERED:**  Any notice of appeal must be filed within 14 days.

**ORDERED**:  Bond is continued; however, the home-confinement condition is REMOVED.

**ORDERED:**  Defendant shall voluntarily surrender and report to the institution designated by the Bureau of Prisons within 15 days from the date of designation; alternatively, Defendant may surrender to the United States Marshal Service in the Alfred A. Arraj Courthouse, 3rd Floor, 901 19th Street, Denver, Colorado.

**ORDERED:**  Government's oral motion to dismiss counts 1, 2, 4 through 30, and 32 through 39 of the Indictment is GRANTED.

Discussion held regarding Defendant being allowed to self-surrender after January 1, 2016, and permission to travel outside the State of Colorado.   The Government opposes the request for permission to travel.

**ORDERED:**  Defendant's request to travel outside the State of Colorado is DENIED.

**Court in recess:**     **10:31 a.m.**
Hearing concluded.
Total time:             1:29